IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NABIL IBN MANLEY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>DAVE DAVEY,<br><br>　　　　Respondent. | No. 2:17-CV-2686-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (ECF No. 15). Respondent argues the instant petition must be dismissed because it is second or successive and was filed without prior authorization from the Ninth Circuit Court of Appeals.

## I. BACKGROUND

### A. State Court Proceedings

This action proceeds on the original petition. Petitioner was convicted in the Sacramento County Superior Court on October 5, 1995, in case no. CR116346 and later sentenced to a term of 83 years to life. See ECF No. 1, pg. 1. The California Court of Appeal affirmed the conviction and sentence on September 25, 1997, see id. at 2, and the California

Supreme Court denied review on January 1, 1999, see id. Petitioner did not seek direct review in the United States Supreme Court. See ECF No. 1, pg. 3.

### B. Prior Federal Court Habeas Actions

Petitioner filed a prior action, Manley v. Knowles, et al., E. Dist. Cal. Case No. 2:01-CV-1608-FCD-PAN (Manley I). See id. at 5. Taking judicial notice of this court's file in the prior case, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), the court observes the prior action was voluntarily dismissed by petitioner, see ECF No. 13 in Manley I. Petitioner filed a second prior petition in this court, Manley v. Campbell, et al., E. Dist. Cal. Case No. 2:03-CV-0030-KJS (Manley II). See ECF No. 1, pg. 5. Again taking judicial notice, the court observes Manley II challenged the same 1995 Sacramento County Superior Court conviction and sentence and was denied on the merits. See ECF No. 22 in Manley II. The Ninth Circuit Court of Appeals denied a certificate of appealability with respect to this judgment. See ECF Nos. 31 and 42 in Manley II.

Petitioner filed a third habeas corpus action in this court, Manley v. Davey, E. Dist. Cal. Case No. 2:14-CV-1340-TLN-CMK (Manley III). Once again taking judicial notice, the court observes Manley III challenged the same conviction and sentence and was dismissed as a second or successive petition filed without prior authorization from the Ninth Circuit Court of Appeals. See ECF Nos. 24 and 25 in Manley III. Petitioner did not appeal.

### C. Ninth Circuit Application

In 2016, petitioner filed an application in the Ninth Circuit Court of Appeals for leave to file a second of successive petition in the district court. See ECF No. 1, pgs. 15-16. The Ninth Circuit denied the application. See id. The appellate court stated:

> We have considered the application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court raising a claim for relief under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the applicant's September 14, 2017, submission, the state's response, and the reply. We are now aware that the applicant received a parole hearing on February 3, 2015, thereby remedying the alleged *Miller* violation. *See Montgomery*, 136 S. Ct. at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole. . . ."). We, therefore, deny the application because the applicant has not made a prima facie showing for relief under 28 U.S.C. §

2244(b)(2).

To the extent the applicant contends that the youthful offender parole process adopted in California and utilized at the February 3, 2015, parole hearing is an inadequate remedy under *Miller*, authorization is unnecessary. *See United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded."). We, however, express no opinion as to the merits of such a claim or whether the procedural requirements of 28 U.S.C. § 2244(d) and 2254 are satisfied.

ECF No. 1, pgs. 15-16 (Ninth Circuit order).

### D. **Current Federal Petition**

Petitioner filed the current federal habeas petition on December 22, 2017. See ECF No. 1. In the petition, petitioner raises two grounds for relief:

| | |
|---|---|
| Ground One | Petitioner a Non-homicide juvenile offender has the constitutional right to have a sentencing Court consider mitigating circumstances, twice diminished moral culpability before sentencing petitioner to the states [sic] harshest penalty. Also how the denial of a Substantive Procedural rule moots legislative intent SB-260, P.C. §3051 cures a Miller, Graham violation. Therefore an inadequate remedy. Petitioner also asserts the Courts [sic] adopting SB-260, P.C. §3051 as a cure to bring petitioner's sentence within the scope of the Eighth Amendment is an inadequate remedy when applied to a Non-homicide juvenile offender. |
| Ground Two | Petitioner filed Writ of Habeas Corpus in Supreme Court asserting the Appeallates [sic] Courts [sic] decision denying Writ accepting Newly enacted SB-260, P.C. § 3051 cured any miller violation accepting the Respondents [sic] argument within Supplemental briefing ordered by the Court addresing [sic] the Applicability if any to petitioner's claims in Writ. Petitioner filed permission to file Supplemental Briefs concerning the decisions supporting petitioner's argument in (Denial and Exception to the Supplemental Informal Response to Petition for Writ of Corpus), C.A.R.CT 8.2000(A). Requesting the Court to take Judicial notice of several Appeallates [sic] Court decisions disagreeing respectfully with the decision that SB-260 negates the need to remand matter back to trial court for resentencing. That are relevant and pertinent to petitioner's merits within Writ of Habeas Corpus. |

See id. at 6-7.

///

3

Petitioner seeks an order vacating the original sentence and remand the case for resentencing. See ECF No. 1, pg. 10.

## II. DISCUSSION

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

According to respondent:

> The Ninth Circuit order flatly denied permission to file a second or successive petition, holding any "alleged *Miller* violation" had been "remed[ied]" by the fact Petitioner "received a parole hearing." (Current Petition at 15.) The order observed Petitioner did not need permission to file an attack on what happened "at the February 3, 2015, parole hearing"—the order even gave some guidance by quoting a case that permitted filing of "second-in-time petitions based on events that do not occur until a first petition is concluded." (*Id.* at 16.) Yet the current Petition does not claim illegal events arising after conclusion of proceedings on the first Petition. Instead, the current Petition's attack is based on an event in April 1996—the imposition of a sentence on that date. (*Id.* at 6, 7, 10.) The current Petition simply presents a challenge to the "same custody imposed by the same judgment of a state court," and it is thus barred for lack of prior permission by the Ninth Circuit. *Burton*, 549 U.S. at 153; *Brown*, 889 F.3d at 667; *Rishor*, 822 F.3d at 490.

ECF No. 15, pgs. 2-3.

///

///

4

In his opposition, petitioner contends the current federal petition is not second or successive. See ECF No. 18, pg. 1. He also contends leave from the Ninth Circuit Court of Appeals to file the instant petition is not necessary per the appellate court's order in 2016 denying petitioner's application for leave to file a second or successive petition in the district court. See ECF No. 18, pg. 6. According to petitioner, and consistent with the Ninth Circuit's order, the instant petition challenges what happened at the February 3, 2015, parole hearing. See id. at 16-17. As such, petitioner concludes the instant petition is a permissible second-in-time petition for which prior leave from the Ninth Circuit is not required pursuant to Buenrostro, 638 F.3d at 725.

The court finds neither party's argument persuasive. As to respondent's argument that the instant petition is second or successive because it challenges the underlying sentence, it appears respondent overly relies on petitioner's pro se petition, which is less than artfully pleaded, to conclude the instant petition does not challenge events that happened after his conviction and sentence, namely the February 3, 2015, parole hearing and related state court decisions. To the contrary, it appears petitioner does in fact seek to raise a second-in-time petition which the Ninth Circuit observed would not require prior authorization. As to petitioner's argument that the instant petition is such a second-in-time petition, and as noted, the two grounds asserted are unclear in terms of what is being challenged and upon which bases the challenge lies.

To allow the court to determine conclusively whether it lacks jurisdiction over the instant federal petition because, as respondent argues, it is second or successive and was filed without prior authorization, a clarification of the pleadings is warranted. Specifically, petitioner must make clear the nature of his current challenge and the factual bases upon which it relies.

///
///
///
///
///
///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 15) be granted in part, the petition be dismissed with leave to amend, and petitioner be directed to file a first amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 28, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE