**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NABIL IBN MANLEY,<br><br>        Petitioner,<br><br>   v.<br><br>DAVE DAVEY,<br><br>        Respondent. | No. 2:17-CV-2686-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the Court are Petitioner's amended petition for a writ of habeas corpus, ECF No. 22, Respondent's answer, ECF No. 39, and Petitioner's traverse, ECF No. 43.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

## I. BACKGROUND

As alleged in the original petition in this action, Petitioner was convicted in the Sacramento County Superior Court on October 5, 1995. See ECF No. 1, pg. 1. The California Court of Appeal affirmed the conviction and sentence, see id. at 2, and the California Supreme Court denied direct review, see id. Petitioner did not seek certiorari in the United States Supreme Court. See id. at 3.

### A. Federal Court

#### 1. Prior Federal Petitions

Petitioner has filed several prior federal habeas corpus petitions.[1] In 2001, Petitioner filed Manley v. Knowles, et al., E. Dist. Cal. Case No. 2:01-CV-1608-FCD-PAN (Manley I). This petition was voluntarily dismissed by Petitioner. See ECF No. 13 in Manley I. In 2003, Petitioner filed Manley v. Campbell, et al., E. Dist. Cal. Case No. 2:03-CV-0030-JKS (Manley II). In Manley II, Petitioner challenged the same 1995 conviction referenced in the current action. See ECF No. 22 in Manley II. The petition in Manley II was denied on the merits. See id. The Ninth Circuit Court of Appeals declined to issue a certificate of appealability in Manley II. See ECF Nos. 31 and 42 in Manley II. In 2014, Petitioner filed a third petition, Manley v. Davey, E. Dist. Cal. Case No. 2:14-CV-1340-TLN-CMK (Manley III). Manley III was dismissed as a second or successive petition filed without prior authorization from the Ninth Circuit Court of Appeals. See ECF Nos. 24 and 25 in Manley III. Petitioner did not appeal.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1] The Court takes judicial notice of court records. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967).

2. <u>Ninth Circuit Application</u>

As also alleged in the original petition in this case, Petitioner filed an application in the Ninth Circuit Court of Appeals in 2016 for leave to file a second or successive habeas petition in the district court. See ECF No. 1, pgs. 15-16 (Ninth Circuit order in Case No. 16-71123). In denying the application, the appellate court stated:

> We have considered the application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court raising a claim for relief under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the applicant's September 14, 2017, submission, the state's response, and the reply. We are now aware that the applicant received a parole hearing on February 3, 2015, thereby remedying the alleged *Miller* violation. See *Montgomery*, 136 S. Ct. at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole. . . ."). We, therefore, deny the application because the applicant has not made a prima facie showing for relief under 28 U.S.C. § 2244(b)(2).
> To the extent the applicant contends that the youthful offender parole process adopted in California and utilized at the February 3, 2015, parole hearing is an inadequate remedy under *Miller*, authorization is unnecessary. See *United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded."). We, however, express no opinion as to the merits of such a claim or whether the procedural requirements of 28 U.S.C. § 2244(d) and 2254 are satisfied.

ECF No. 1, pgs. 15-16.

3. <u>Current Federal Petition</u>

Petitioner filed the current federal petition on December 22, 2017. See <u>id.</u> In the original petition, Petitioner alleged two grounds for relief as follows:

| Ground One | Petitioner a Non-homicide juvenile offender has the constitutional right to have a sentencing Court consider mitigating circumstances, twice diminished moral culpability before sentencing petitioner to the states [sic] harshest penalty. Also how the denial of a Substantive Procedural rule moots legislative intent SB-260, P.C. § 3051 cures a Miller, Graham violation. Therefore an inadequate remedy. Petitioner also asserts the Courts [sic] adopting SB-260, P.C. §3051 as a cure to bring petitioner's sentence within the scope of the Eighth Amendment is an inadequate remedy when applied to a Non-homicide juvenile offender. |

///

///

3

|   |   |   |
|---|---|---|
| | Ground Two | Petitioner filed Writ of Habeas Corpus in Supreme Court asserting the Appeallates [sic] Courts [sic] decision denying Writ accepting Newly enacted SB-260, P.C. § 3051 cured any miller violation accepting the Respondents [sic] argument within Supplemental briefing ordered by the Court addresing [sic] the Applicability if any to petitioner's claims in Writ. Petitioner filed permission to file Supplemental Briefs concerning the decisions supporting petitioner's argument in (Denial and Exception to the Supplemental Informal Response to Petition for Writ of Corpus), C.A.R.CT 8.2000(A). Requesting the Court to take Judicial notice of several Appeallates [sic] Court decisions disagreeing respectfully with the decision that SB-260 negates the need to remand matter back to trial court for resentencing. That are relevant and pertinent to petitioner's merits within Writ of Habeas Corpus. |

See id. at 6-7.

In the original petition, Petitioner stated he seeks an order vacating the original sentence and remanding the matter for resentencing. See id. at 10.

On January 22, 2019, Respondent moved to dismiss the original petition. See ECF No. 15. Respondent contended the current action is a second or successive petition filed without prior authorization from the appellate court. See id. at 2-3. According to Respondent:

> The Ninth Circuit order flatly denied permission to file a second or successive petition, holding any "alleged *Miller* violation" had been "remed[ied]" by the fact Petitioner "received a parole hearing." (Current Petition at 15.) The order observed Petitioner did not need permission to file an attack on what happened "at the February 3, 2015, parole hearing"—the order even gave some guidance by quoting a case that permitted filing of "second-in-time petitions based on events that do not occur until a first petition is concluded." (*Id.* at 16.) Yet the current Petition does not claim illegal events arising after conclusion of proceedings on the first Petition. Instead, the current Petition's attack is based on an event in April 1996—the imposition of a sentence on that date. (*Id.* at 6, 7, 10.) The current Petition simply presents a challenge to the "same custody imposed by the same judgment of a state court," and it is thus barred for lack of prior permission by the Ninth Circuit. *Burton*, 549 U.S. at 153; *Brown*, 889 F.3d at 667; *Rishor*, 822 F.3d at 490.

Id.

///
///
///
///

In recommending that Respondent's motion be denied and Petitioner be directed to file an amended petition, the Court stated:

> In his opposition, petitioner contends the current federal petition is not second or successive. See ECF No. 18, pg. 1. He also contends leave from the Ninth Circuit Court of Appeals to file the instant petition is not necessary per the appellate court's order in 2016 denying petitioner's application for leave to file a second or successive petition in the district court. See ECF No. 18, pg. 6. According to petitioner, and consistent with the Ninth Circuit's order, the instant petition challenges what happened at the February 3, 2015, parole hearing. See id. at 16-17. As such, petitioner concludes the instant petition is a permissible second-in-time petition for which prior leave from the Ninth Circuit is not required pursuant to Buenrostro, 638 F.3d at 725.
>
> The court finds neither party's argument persuasive. As to respondent's argument that the instant petition is second or successive because it challenges the underlying sentence, it appears respondent overly relies on petitioner's pro se petition, which is less than artfully pleaded, to conclude the instant petition does not challenge events that happened after his conviction and sentence, namely the February 3, 2015, parole hearing and related state court decisions. To the contrary, it appears petitioner does in fact seek to raise a second-in-time petition which the Ninth Circuit observed would not require prior authorization. As to petitioner's argument that the instant petition is such a second-in-time petition, and as noted, the two grounds asserted are unclear in terms of what is being challenged and upon which bases the challenge lies.
>
> To allow the court to determine conclusively whether it lacks jurisdiction over the instant federal petition because, as respondent argues, it is second or successive and was filed without prior authorization, a clarification of the pleadings is warranted. Specifically, petitioner must make clear the nature of his current challenge and the factual bases upon which it relies.

ECF No. 20, pg. 5 (findings and recommendations).

The District Judge adopted the findings and recommendations in full on August 9, 2019. See ECF No. 21 (order adopting findings and recommendations).

Petitioner filed an amended petition on September 6, 2019. See ECF No. 22. Again, Respondent moved to dismiss arguing the current action, as amended, is still a second or successive petition filed without prior authorization. See ECF No. 25. In recommending Respondent's second motion to dismiss also be denied, the Court noted the following as to the amended petition: "Petitioner did not make substantial changes to the grounds alleged in his original petition, however, he expressly clarifies that he is challenging his 2015 parole hearing on

///

///

5

1   the grounds that it was an insufficient remedy." See ECF No. 22, p. 10." ECF No. 31, pg. 4

2   (findings and recommendations, citing amended petition).  The Court held:

> Petitioner's prior habeas petition, Manley II, which challenged his 1996 conviction, was dismissed on the merits. Manley III was dismissed for being second or successive due to challenging the same 1996 conviction. Thus, absent express authorization from the Ninth Circuit, any further challenges to petitioner's 1996 conviction are barred as second or successive. However, petitioner's challenge to his 2015 parole hearing is not barred for being second or successive as the Ninth Circuit Court of Appeals expressly asserted that petitioner did not need authorization to challenge his 2015 parole hearing. See ECF No. 1, pgs. 15-16.
> Respondent contends that petitioner's present federal petition is second or successive because it challenges his 1996 conviction. Respondent expressly bases this argument on respondent's belief that petitioner admitted he was challenging his 1996 conviction in his opposition to the motion to dismiss. See ECF No. 29. Because respondent offers no citation to the record or any other form of support for this broad assertion, the Court cannot determine with precision how respondent came to this conclusion. However, the Court assumes that respondent is referring to petitioner's statement that the Superior Court's refusal to resentence petitioner resulted in petitioner's constitutional rights being violated. See ECF No. 28, pg. 15.
> The Court finds that respondent has misunderstood petitioner's comment. Petitioner's amended petition and opposition to the current motion to dismiss are far from artfully written. However, the core of petitioner's argument is that he was denied meaningful access to the form of relief guaranteed by Graham and Miller because his 2015 parole hearing did not allow him to introduce youth-related defenses. See ECF No. 22; ECF No. 28. In fact, petitioner repeatedly expressly states that he is challenging his post-Graham remedy, which was his 2015 parole hearing. See ECF No. 22, pg.10; ECF No. 22, pg.11; ECF No. 28, pgs. 4-6. Within this context, petitioner's statement about his resentencing can also be interpreted as meaning that petitioner was denied resentencing because the parole hearing did not allow him to introduce youth-related evidence.

ECF No. 31, pgs. 5-6 (findings and recommendations).

The District Judge adopted the findings and recommendations regarding Respondent's second motion to dismiss in full on September 22, 2020.  See ECF No. 37 (order adopting findings and recommendations).  The District Judge directed Respondent to "file an answer to Petitioner's claim relating to his 2015 parole hearing. . . ."  Id. at 2.  Respondent filed his answer on October 19, 2020.  See ECF No. 39.  Petitioner filed a traverse on December 14, 2020.  See ECF No. 43.

/ / /

6

**B.     State Court**

As discussed above, this case concerns Petitioner's claim related to the denial of parole in 2015. Following the denial of parole, Petitioner filed various habeas petitions in the state courts, commencing with a petition in the Sacramento County Superior Court. See ECF No. 38-2. The Superior Court denied relief in a reasoned decision issued on December 16, 2015. See id. In describing Petitioner's claim, the Superior Court stated:

> . . .On February 3, 2015, the Board of Parole Hearings ("Board") found Petitioner unsuitable for parole and denied parole for five years. Petitioner claims that the Board improperly denied parole by failing to properly consider the "great weight" of Petitioner's age at the time of the offense, pursuant to Penal Code section 4801(c). In addition, he claims that the facts of the commitment offense do not constitute some evidence supporting the Board's denial of parole. Finally, he claims that the five-year denial is unwarranted.

Id. at 1.

On May 18, 2016, Petitioner filed a habeas petition in the California Court of Appeal. See ECF No. 38-3, pgs. 3-270. Petitioner contended the Board of Parole Hearings violated his due process rights when it denied parole at "his Youth Offender Board Hearing." Id. at 5. The Court of Appeal denied the petition on June 3, 2016, without comment or citation. See id. at 1.

On September 19, 2016, Petitioner filed a habeas petition in the California Supreme Court. See ECF No. 38-4, pgs. 2-43. In that petition, Petitioner argued: (1) the "Sentencing Court" imposed a "disproportionate determinate term of 83-years" pursuant to an unconstitutional mandatory sentencing scheme under California Penal Code § 209(b); and (2) the sentence is a "de facto LWOP" and is unconstitutional. Id. at 4-5. In describing the procedural history of the case, Petitioner outlines proceedings in state court between December 2012 and April 2014 – dates which predate the 2015 parole hearing. See id. at 8-9. Petitioner raised no claims concerning the 2015 parole hearing in his habeas petition to the California Supreme Court. The California Supreme Court denied relief on June 14, 2017, without comment or citation. See id. at 1.

///

## II. DISCUSSION

This action currently proceeds on the amended petition filed on September 6, 2019. See ECF No. 22. As discussed above, the only claim properly before the court is Petitioner's claim related to his 2015 parole hearing. In his answer, Respondent asserts, among other things, two affirmative defenses: (1) Petitioner's parole hearing claim has not been fairly presented to the California Supreme Court; and (2) Petitioner's parole hearing claim is untimely. See ECF No. 39. As discussed below, both arguments are persuasive.

### A. Fair Presentation

Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required before claims can be granted by the federal court in a habeas corpus case. See Rose v. Lundy, 455 U.S. 509 (1982); see also Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003); Hunt v. Pliler, 336 F.3d 839 (9th Cir. 2003). The exhaustion doctrine is based on a policy of federal and state comity, designed to give state courts the initial opportunity to correct alleged constitutional deprivations. See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518. "A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the time the petitioner filed the habeas petition in federal court no state remedies are available to the petitioner and the petitioner has not deliberately by-passed the state remedies." Batchelor v. Cupp , 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted). Exhaustion is not a jurisdictional requirement and the court may raise the issue sua sponte. See Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997).

Regardless of whether the claim was raised on direct appeal or in a post-conviction proceeding, the exhaustion doctrine requires that each claim be fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346 (1989). Although the exhaustion doctrine requires only the presentation of each federal claim to the highest state court, the claims must be presented in a posture that is acceptable under state procedural rules. See Sweet v. Cupp, 640 F.2d 233 (9th Cir. 1981). Thus, an appeal or petition for post-conviction relief that is denied by the state courts on procedural grounds, where other state remedies are still available, does not

1  exhaust the petitioner's state remedies. See Pitchess v. Davis, 421 U.S. 482, 488 (1979); Sweet,
2  640 F.2d at 237-89.

3        In addition to presenting the claim to the state court in a procedurally acceptable
4  manner, exhaustion requires that the petitioner make the federal basis of the claim explicit to the
5  state court by including reference to a specific federal constitutional guarantee. See Gray v.
6  Netherland, 518 U.S. 152, 162-63 (1996); see also Shumway v. Payne, 223 F.3d 982, 998 (9th
7  Cir. 2000). It is not sufficient for the petitioner to argue that the federal nature of the claim is
8  self-evident. See Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d
9  904 (9th Cir. 2001). Nor is exhaustion satisfied if the state court can only discover the issue by
10 reading a lower court opinion in the case. See Baldwin v. Reese, 541 U.S. 27, 32 (2004).

11       In this case, fair presentation required Petitioner to present the claim raised in the
12 current federal petition to the California Supreme Court. Respondent argues it was not. See ECF
13 No. 39, pgs. 18-20. According to Respondent:

> The currently-created attack on the February 3, 2015 parole denial was not presented to the California Supreme Court at all, much less presented "fairly," as needed to properly exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To the contrary, viewing only what was "within the four corners," *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005) (citing *Reese*, 541 U.S. at 32-33), of the 2016 habeas petition filed in that court, one would be left entirely ignorant that there had even been a February 3, 2015 parole hearing.
>
> Id. at 19.

20       Respondent's argument is persuasive. As outlined above, Petitioner's September
21 19, 2016, petition filed in the California Supreme Court raised the following claims: (1) the
22 "Sentencing Court" imposed a "disproportionate determinate term of 83-years" pursuant to an
23 unconstitutional mandatory sentencing scheme under California Penal Code § 209(b); and (2) the
24 sentence is a "de facto LWOP" and is unconstitutional. In presenting these claims, Petitioner
25 described state court proceedings between December 2012 and April 2014 – dates which precede
26 the 2015 parole hearing at issue in the current federal petition. As Respondent correctly observes,
27 Petitioner made no mention of the 2015 parole hearing and raised no claims related to it.
28 Petitioner's current federal claim is, therefore, unexhausted.

**B.     Timeliness**

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

The statute of limitations for habeas petitions challenging the denial of parole is based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. See Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003). In habeas proceedings challenging an administrative decision, courts within the Ninth Circuit, relying on the opinions in Shelby and Redd, have determined that discovery of the factual predicate cannot occur until the administrative decision is final. See Shelby, 391 F.3d at 1065-66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal. Feb. 23, 2010); Webb v. Curry, 2010 WL 235073 (N.D. Cal. Jan. 21, 2010); Van Houten v. Davidson, 2009 WL 811596 (C.D. Cal. March 26, 2009); Wilson v. Sisto, 2008 WL 4218487 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, 2008 WL 2509509 (E.D. Cal. June 23, 2008)); see also Cal. Code Regs., tit. 15, § 2041(h), Cal. Penal Code § 3041(b) (Board decisions are final 120 days after the hearing).

The limitations period is tolled for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the

1  failure to comply with those time limits precludes a finding that the state petition is properly
2  filed).  A state court application for post-conviction relief is "pending" during all the time the
3  petitioner is attempting, through proper use of state court procedures, to present his claims.  See
4  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending"
5  after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327
6  (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to
7  the Supreme Court was pending).  Where the petitioner unreasonably delays between state court
8  applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
9  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
10 untimely, the federal court must independently determine whether there was undue delay.  See id.
11 at 226-27.

12          This is an action challenging the denial of parole.  Therefore, the limitations
13 period began to run in June 2015 – 120 days after the parole hearing held in February 2015.  The
14 Court does not agree with Respondent that the limitations period began the day after the
15 February hearing.  As indicated above, the limitations period for challenges to the denial of
16 parole commences when the parole decision becomes final, which in California is 120 days after
17 the hearing.

18          As outlined above, Petitioner filed three habeas actions in state court following the
19 denial of parole in 2015:

20 | | |
|---|---|
| First Action | Filed in the Sacramento County Superior Court on September 23, 2015 |
| | Denied on December 16, 2015. |
| Second Action | Filed in the California Court of Appeal on May 18, 2016. |
| | Denied on June 3, 2016. |
| Third Action | Filed in the California Supreme Court on September 19, 2016. |
| | Denied on June 14, 2017. |

27 / / /
28 / / /

Respondent argues the first and third petitions did not result in statutory tolling because they did not relate to the claims presented in the current federal petition. See ECF No. 39, pg. 21, 22-23.  Respondent argues the second petition did not result in statutory tolling because Petitioner unreasonably delayed in filing in the California Court of Appeal following the denial of relief by the Superior Court. See id. at 22.  Finally, Respondent contends that, even if all three state court petitions resulted in statutory tolling, the one-year limitations period was consumed during the periods prior to the filing of the first petition and following denial of the third petition. See id. at 23.

Assuming arguendo that Petitioner is entitled to statutory tolling for the entire time his three state court petitions were pending, as well as the time between petitions, Petitioner would be entitled to tolling from September 23, 2015 – the day his first state action was filed – and June 14, 2017 – the day his third state action was denied.  As discussed above, the limitations period began to run in June 2015.  Three months of the one-year limitations period elapsed prior to Petitioner filing the first state court action in September 2015.  Between the denial of the third state court action in June 2017 and the filing of the current federal petition in December 2017, another six months had elapsed.  Because a total of nine months of the one-year limitations period passed before and after collateral proceedings in state court, the Court rejects Respondent's argument that the petition is untimely even assuming tolling for all three state court actions and the time between them.[2]

The petition can only be considered timely if Petitioner is entitled to statutory tolling.  The Court, therefore, turns to the tolling effect, if any, of each of the three state court actions.  In this regard, Respondent contends the second state petition was not properly filed because Petitioner unreasonably delayed in filing with the California Court of Appeal following

///

///

///

---

[2] Respondent's argument is premised on the erroneous proposition that the one-year limitations period began to run 120 days earlier than it did.

denial by the Superior Court. See ECF No. 29, pg. 22. According to Respondent:

> . . .After that petition was denied on December 16, 2015 (*id.* at 1), over 120 days passed before Petitioner renewed the parole denial attack in a higher state court habeas petition on May 13, 2016 (ECF 38-3 at 8)—which made that re-filing untimely. *Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014) (re-filing delay beyond state-law "benchmark" is deemed untimely under state law); *see Robinson*, 9 Cal. [5]th at 901 (120-day state safe-harbor deadline for re-filing claim in higher state court, after lower court habeas denial of same claim).

Id.

The Court finds this argument persuasive. In Robinson v. Lewis, 9 Cal. 5th 883 (2020), the California Supreme Court established a 120-day safe harbor period for pursuing state post-conviction challenges to the next highest state court after denial in a lower state court – petitions filed beyond the 120-day safe harbor are untimely under state law. See Stewart, 757 F.3d at 935. Here, the Superior Court denied the first state court action on December 16, 2015. Petitioner filed the second action in the California Court of Appeal on May 13, 2016 – nearly five months and over 120 days later. Petitioner does not address this delay in his traverse.

The Court finds that the unexplained nearly five-month delay between denial of the first action and filing of the second action renders the second action untimely and, therefore, not properly filed under state law. Petitioner, therefore, is not entitled to statutory tolling for the time the second state court action was pending, the time between the denial of the first action and filing of the second action, or the time between the denial of the second action and filing of the third action.

The first action was denied in December 2015. The third action was filed in September 2016. This represents a nine-month period of time when the limitations period was not tolled. Adding these nine months to the three months that expired between commencement of the limitations period and filing of the first action and the six months that expired between denial of the third action and filing of the current federal petition, a total of 18 months elapsed. Thus, the current federal petition is untimely by approximately six months.

///

///

### III.  CONCLUSION

In summary, the Court finds that habeas relief is unavailable because the claims raised are unexhausted and because the petition is untimely.

Based on the foregoing, the undersigned recommends that Petitioner's amended petition for a writ of habeas corpus, ECF No. 22, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 23, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE