**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NABIL IBN MANLEY,<br><br>    Petitioner,<br><br>   v.<br><br>DAVID DAVEY,<br><br>    Respondent. | No. 2:17-CV-2686-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is respondent's motion to dismiss (ECF No. 25).

**I. BACKGROUND**

**A.    State Court Proceedings**

Petitioner Nabil Ibn Manley was convicted in Sacramento Superior Court of four counts of forcible rape, two counts of forcible oral copulation, one count of first-degree robbery, and one count of armed kidnapping to commit robbery. See ECF No. 24, Attach. 1 at 30. On April 10, 1996, petitioner was sentenced to a term of 83 years to life with possibility of parole. See ECF No. 1, pg. 2. The California Court of Appeals affirmed the judgment on September 25, 1997. Id. The California Supreme Court denied review on January 1, 1998. Id. Petitioner did not

seek review from the United States Supreme Court. See ECF No. 1, pg. 3.

### B. Prior Federal Court Habeas Actions

Petitioner filed a prior action, Manley v. Knowles, et al., E. Dist. Cal. Case No. 2:01-CV-1608-FCD-PAN (Manley I). See id. at 5. Taking judicial notice of this Court's file in the prior case, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967), the Court observes the prior action was voluntarily dismissed by petitioner, see ECF No. 13 in Manley I. Petitioner filed a second prior petition in this Court, Manley v. Campbell, et al., E. Dist. Cal. Case No. 2:03-CV-0030-KJS (Manley II). See ECF No. 1, pg. 5. Again taking judicial notice, the Court observes Manley II challenged the same Sacramento County Superior Court conviction and sentence and was denied on the merits. See ECF No. 22 in Manley II. The Ninth Circuit Court of Appeals denied a certificate of appealability with respect to this judgment. See ECF Nos. 31 and 42 in Manley II.

Petitioner filed a third habeas corpus action in this Court, Manley v. Davey, E. Dist. Cal. Case No. 2:14-CV-1340-TLN-CMK (Manley III). Once again taking judicial notice, the court observes Manley III challenged the same conviction and sentence and was dismissed as a second or successive petition filed without prior authorization from the Ninth Circuit Court of Appeals. See ECF Nos. 24 and 25 in Manley III. Petitioner did not appeal.

### C. Ninth Circuit Application

In 2016, petitioner filed an application in the Ninth Circuit Court of Appeals for leave to file a second or successive petition in the district court. See ECF No. 1, pgs. 15-16. The Ninth Circuit denied the application. See id. The appellate court stated:

> We have considered the application for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition in the district court raising a claim for relief under *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), the applicant's September 14, 2017, submission, the state's response, and the reply. We are now aware that the applicant received a parole hearing on February 3, 2015, thereby remedying the alleged *Miller* violation. *See Montgomery*, 136 S. Ct. at 736 ("A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole. . . ."). We, therefore, deny the application because the applicant has not made prima facie showing for relief under 28 U.S.C § 2244(b)(2).

///

> To the extent the applicant contends that the youthful offender parole process adopted in California and utilized at the February 3, 2015, parole hearing is an inadequate remedy under *Miller*, authorization is unnecessary. *See United States v. Buenrostro*, 638 F.3d 720, 725 (9th Cir. 2011) ("Prisoners may file second-in-time petitions based on events that do not occur until a first petition is concluded."). We, however, express no opinion as to the merits of such a claim or whether the procedural requirements of 28 U.S.C. § 2244(d) and 2254 are satisfied.

ECF No. 1, pgs. 15-16 (Ninth Circuit order).

### D. Current Federal Habeas Action

#### 1. Original Petition

Petitioner filed the current federal habeas petition on December 22, 2017. See ECF No. 1. In the original petition, petitioner raised two grounds for relief:

Ground 1   Petitioner a Non-homicide juvenile offender has the constitutional right to have a sentencing Court consider mitigating circumstances, twice diminished moral culpability before sentencing petitioner to the states [sic] harshest penalty. Also how the denial of a Substantive Procedural rule moots legislative intent SB-260, P.C. §3051 cures a Miller, Graham violation. Therefore an inadequate remedy. Petitioner also asserts the Courts [sic] adopting SB-260, P.C. §3051 as a cure to bring petitioner's sentence within the scope of the Eighth Amendment is an inadequate remedy when applied to a Non-homicide juvenile offender.

Ground 2   Petitioner filed Writ of Habeas Corpus in Supreme Court asserting the Appeallates [sic] Courts [sic] decision denying Writ accepting Newly enacted SB-260, P.C. § 3051 cured any Miller violation accepting the Respondents [sic] argument within Supplemental briefing ordered by the Court addresing [sic] the Applicability if any to petitioner's claims in Writ. Petitioner filed permission to file Supplemental Briefs concerning the decisions supporting petitioner's argument in (Denial and Exception to the Supplemental Informal Response to Petition for Writ of Corpus), C.A.R.CT 8.2000(A). Requesting the Court to take Judicial notice of several Appeallates [sic] Court decisions disagreeing respectfully with the decision that SB-260 negates the need to remand matter back to trial court for resentencing. That are relevant and pertinent to petitioner's merits within Writ of Habeas Corpus.

See id. at 6-7.

///

///

Respondent filed a motion to dismiss petitioner's original petition on the basis that this Court lacked jurisdiction because petitioner filed a second or successive petition without authorization from the Ninth Circuit Court of Appeals. See ECF No. 15. The Court found that it was unclear from petitioner's petition whether petitioner was challenging his 1996 conviction or his 2015 parole hearing. See ECF No. 20, pgs. 5-6 (findings and recommendations); ECF No. 21 (adopting findings and recommendations). Thus, the Court granted respondent's motion to dismiss in part, dismissed petitioner's petition with leave to amend, and directed petitioner to file a first amended petition. See ECF No. 20, pg. 5-6 (findings and recommendations); ECF No. 21 (order adopting findings and recommendations).

2. First Amended Petition

Petitioner filed his first amended petition on September 6, 2019. See ECF No. 22.[1] Petitioner did not make substantial changes to the grounds alleged in his original petition, however, he expressly clarifies that he is challenging his 2015 parole hearing on the grounds that it was an insufficient remedy. See ECF No. 22, p. 10.

**II. DISCUSSION**

Renewing his prior arguments, respondent again argues that the current amended petition must be dismissed for lack of jurisdiction because it is a second or successive petition that was filed without obtaining authorization from the Ninth Circuit Court of Appeals. Respondent also argues that, should the court conclude it has jurisdiction over the case, the current petition must be dismissed because it is untimely due to the fact it challenges petitioner's 1996 conviction. Respondent does not address petitioner's 2015 parole conviction beyond making the broad and unsupported assertion that petitioner had not timely alleged any factual content that suggests the denial of parole in 2015 violated federal law. See ECF No. 25, pg. 1.

///

///

---

[1] The first amended petition is erroneously entered on the Court's docket as a second amended petition.

4

### A. Second or Successive Petition

Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application . . . that was presented in a prior application shall be dismissed." Under § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed. . . ." unless one of two circumstances exist. Either the newly raised claim must rely on a new rule of constitutional law, or the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes actual innocence. See id. Before a second or successive petition can be filed in the district court, however, the petitioner must first obtain leave of the Court of Appeals. See 28 U.S.C. § 2244(b)(3). In the absence of proper authorization from the Court of Appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. See Cooper v. Calderon, 274 F.3d 1270 (9th Cir. 2001) (per curiam).

A second petition can only be successive of a prior petition which has been decided on the merits. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A decision on the merits occurs if the district court either considers and rejects the claims or determines that the claims will not be considered by a federal court. See Howard v. Lewis, 905 F.2d 1318, 1322-23 (9th Cir. 1990). The dismissal of a petition as untimely, constitutes a decision on the merits because such a dismissal is a determination that the claims will not be considered. See McNabb v. Yates, 576 F.3d 1028, 1029-30 (9th Cir. 2009). Likewise, the denial of a petition on procedural default grounds is also a determination on the merits. See Henderson v. Lampert, 396 F.3d 1049, 1053 (9th Cir. 2005) (citing Howard, 905 F.2d at 1322-23, and stating that the denial of a petition on procedural default grounds is a determination that the claims will not be considered by the federal court).

Petitioner's prior habeas petition, Manley II, which challenged his 1996 conviction, was dismissed on the merits. Manley III was dismissed for being second or successive due to challenging the same 1996 conviction. Thus, absent express authorization from the Ninth Circuit, any further challenges to petitioner's 1996 conviction are barred as

5

1   second or successive. However, petitioner's challenge to his 2015 parole hearing is not barred

2   for being second or successive as the Ninth Circuit Court of Appeals expressly asserted that

3   petitioner did not need authorization to challenge his 2015 parole hearing. See ECF No. 1, pgs.

4   15-16.

5   Respondent contends that petitioner's present federal petition is second or

6   successive because it challenges his 1996 conviction. Respondent expressly bases this argument

7   on respondent's belief that petitioner admitted he was challenging his 1996 conviction in his

8   opposition to the motion to dismiss. See ECF No. 29. Because respondent offers no citation to

9   the record or any other form of support for this broad assertion, the Court cannot determine

10  with precision how respondent came to this conclusion. However, the Court assumes that

11  respondent is referring to petitioner's statement that the Superior Court's refusal to resentence

12  petitioner resulted in petitioner's constitutional rights being violated. See ECF No. 28, pg. 15.

13  The Court finds that respondent has misunderstood petitioner's comment.

14  Petitioner's amended petition and opposition to the current motion to dismiss are far from

15  artfully written. However, the core of petitioner's argument is that he was denied meaningful

16  access to the form of relief guaranteed by Graham and Miller because his 2015 parole hearing

17  did not allow him to introduce youth-related defenses. See ECF No. 22; ECF No. 28. In fact,

18  petitioner repeatedly expressly states that he is challenging his post-Graham remedy, which was

19  his 2015 parole hearing. See ECF No. 22, pg.10; ECF No. 22, pg.11; ECF No. 28, pgs. 4-6.

20  Within this context, petitioner's statement about his resentencing can also be interpreted as

21  meaning that petitioner was denied resentencing because the parole hearing did not allow him

22  to introduce youth-related evidence.

23   **B.   Statute of Limitations**

24  The Court recognizes that respondent attempts to raise a statute of limitations

25  defense. However, respondent only raises this defense in regard to petitioner's 1996 sentence. See

26  ECF No. 25, p.1; ECF No. 25, p. 7. As previously discussed, petitioner's 1996 sentence is not

27  relevant to the current case because any claims petitioner attempts to bring regarding his 1996

28  sentence have already been barred as second or successive. See ECF No. 1; ECF No. 15; ECF No.

20. Petitioner's challenges to his 2015 parole hearing, however, are not barred on those grounds. See ECF No. 1, pgs. 15-16. Respondent does not address petitioner's 2015 parole hearing and thus did not raise any issues in this regard. See ECF No. 25, pg. 1. Because respondent's statute of limitations argument only addressed petitioner's 1996 sentencing, it is inapplicable to petitioner's claim in this case regarding his 2015 parole hearing.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 25) be denied and that respondent be directed to file an answer to petitioners claim relating to his 2015 parole hearing.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 363(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 29, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE